J-A32030-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| WILLIAM BATTLE | |
| Appellant | No. 1483 EDA 2016 |

Appeal from the Judgment of Sentence March 31, 2016
in the Court of Common Pleas of Pike County
Criminal Division at No(s): CP-52-CR-0000579-2014

BEFORE:  DUBOW, J., RANSOM, J., and PLATT, J.*

MEMORANDUM BY RANSOM, J.:　　　　　　　　**FILED MARCH 09, 2017**

Appellant, William Battle, appeals from the judgment of sentence of one to three years of incarceration, following a jury trial resulting in his conviction for prohibited offensive weapons.[1]  We affirm.

Upon entering the Pike County Administration Building in July 2014, Appellant emptied his pockets in order to pass through the metal detector. Among the items removed from Appellant's pockets was a knife with a four-inch blade and a switch on the handle.  This item was inspected by the attending deputy, and Appellant was subsequently arrested and charged with possession of a prohibited offensive weapon.

_____

[1] **See** 18 Pa.C.S. § 908.

* Retired Senior Judge assigned to the Superior Court.

Following a jury trial in January 2016, the Appellant was found guilty of the aforementioned charge. At Appellant's sentencing hearing on March 31, 2016, Appellant's attorney made a motion for extraordinary relief pursuant to Pennsylvania Rule of Criminal Procedure 704(b), arguing that 18 Pa.C.S. § 908 was unconstitutional. That same day, the lower court denied Appellant's motion and sentenced Appellant to one to three years of incarceration. Appellant timely filed a motion for reconsideration of sentence in April 2016, and after a hearing on the motion, the lower court denied Appellant's motion for reconsideration in May 2016. Appellant timely appealed and filed a court-ordered Pa.R.A.P. 1925(b) statement. The trial court issued a responsive opinion.

Appellant presents the following question for our review:

1.    Whether the Pennsylvania Crimes Code, in prohibiting the possession of automatic knives, violates the right to keep and bear arms as guaranteed by the Second Amendment to the United States Constitution?

Appellant's Brief at 2.

In his only issue, Appellant challenges the constitutionality of Section 908.[2] Appellant acknowledges that the section categorically prohibits possession of automatic knives but asserts that the prohibition infringes on a law-abiding individual's right to bear arms. Appellant's Brief at 8-11.

---

[2] Appellant concedes that he possessed a weapon prohibited by Section 908.

According to Appellant, he has a constitutional right to possess a switchblade for the lawful purpose of self-defense. *Id*.

In furtherance of his argument, Appellant relies on the United States Supreme Court case *District of Columbia v. Heller*, 128 S. Ct. 2783 (2008) (recognizing an individual's right to bear arms). Appellant's Brief at 9. However, Appellant's reliance on *Heller* is misplaced, as offensive weapons are not covered by the constitutional right to bear arms. Thus, we disagree that the statute creates any impermissible limitation on an individual's constitutional right.

The Second Amendment to the United States Constitution provides: "A well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed." U.S. Const. amend. II. In its discussion of the Second Amendment, the *Heller* Court explained that "the Second Amendment right, whatever its nature, extends only to certain types of weapons," those "typically possessed by law-abiding citizens." *Heller*, 128 S. Ct. at 2814-16 (citing *United States v. Miller*, 59 S. Ct. 816, (1939)). This reflected a "historical tradition of prohibiting the carrying of 'dangerous and unusual weapons.'" *Id*. at 2817. As such, the Constitutional right to bear arms affords no protection to "weapons *not* typically possessed by law-abiding citizens for lawful purposes." *Id*. at 2815–16 (emphasis added).

Our Supreme Court has likewise recognized a limitation to the Second Amendment. "While the right to bear arms enjoys constitutional protection, like many other constitutional rights, it is not beyond regulation." *Lehman v. Pennsylvania State Police*, 839 A.2d 265, 273 (Pa. 2003). The right to bear arms may be restricted in the exercise of the police power for the good order of society and protection of the citizens. *Id*.

It is apparent from a review of Section 908 that "offensive weapons," as defined in Pennsylvania, are atypical. They are not possessed by law-abiding citizens for lawful purposes and, thus, fall into the historical prohibition recognized in *Heller*. The statute provides:

**§ 908. Prohibited offensive weapons**

(a) Offense defined. -- A person commits a misdemeanor of the first degree if, except as authorized by law, he makes repairs, sells, or otherwise deals in, uses, or possesses any offensive weapon.

18 Pa.C.S. § 908(a). The statute defines an offensive weapon, including "a dagger, knife, razor or cutting instrument, the blade of which is exposed in an automatic way by switch, push-button, spring mechanism, or otherwise." 18 Pa.C.S. § 908(c). This Court has emphasized:

"[t]he class of weapons dealt with in Section 908 have no peaceful purpose, and their only conceivable use is for purposes which our society has found to be criminal. By enacting Section 908 the legislature has clearly stated that an *'implement for the infliction of serious bodily injury which serves no common lawful purpose'* shall not be allowed to exist in our society."

***Commonwealth Hitchon***, 549 A.2d 946 (citing ***Commonwealth v. Stewart***, 495 A.2d 584, 593 (Pa. Super. 1985) (citation omitted)); ***see also Commonwealth v. Ashford***, 397 A.2d 420, 423 (Pa. Super. 1979) (discussing a distinction between weapons that may have a *conceivable* lawful purpose but not a *common* one.).

Appellant was free to possess an instrument with ***a common lawful purpose*** and use that instrument for the lawful purpose of self-defense. Instead, Appellant possessed a switchblade. While it is conceivable that Appellant possessed a switchblade for self-defense, that is not the switchblade's common purpose. ***Hitchon***, 549 A.2d at 946; ***Ashford***, 397 A.2d at 423. Accordingly, we reject Appellant's constitutional claim; he is entitled to no relief.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/9/2017